UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MATTHEW O. MADISON,
DWIGHT MCGHEE, and
INFINITY EXPLORATION, LLC,

Defendants.

Civil Action No.
3:13-CV-2499-L

## FINAL JUDGMENT AS TO DEFENDANT MATTHEW O. MADISON

The Securities and Exchange Commission has filed a Complaint, and Defendant Matthew

O. Madison has entered a general appearance; consented to the court's jurisdiction over Defendant

and the subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction and except has otherwise

provided herein paragraph VIII); waived findings of fact and conclusions of law; and waived any

right to appeal from this Final Judgment.  Further, the court has granted the parties' Joint Motion

to Enter Agreed Judgments.  ACCORDINGLY:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's

agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the

purchase or sale of any security:

<blockquote>

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

</blockquote>

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by

use of the mails, directly or indirectly:

<blockquote>

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

</blockquote>

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $212,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $46,677.82, for a total of $258,677.82.  Defendant shall satisfy this obligation by paying $258,677.82 to the Securities and Exchange Commission within 300 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this court; Matthew O. Madison as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to

distribute the Fund subject to the court's approval.  The court shall retain jurisdiction over the

administration of any distribution of the Fund.  If the Commission staff determines that the Fund

will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment

to the United States Treasury.

The Commission may enforce the court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 300 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $212,000 to the Securities and Exchange Commission pursuant to

Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  Defendant shall

make this payment within 300 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Matthew O. Madison as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  November 18, 2014.

_____
Sam A. Lindsay
United States District Judge